# IN THE SUPREME COURT OF THE STATE OF NEVADA

U.S. BANK NATIONAL ASSOCIATION,
A NATIONAL ASSOCIATION,
Appellant,
vs.
NEVADA NEW BUILDS, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Respondent.

No. 69421

FILED

NOV 29 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a timely appeal from a district court summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

Respondent Nevada New Builds, LLC (NNB) filed a complaint to quiet title after recording a foreclosure deed for real property obtained in a nonjudicial homeowner's association foreclosure sale under NRS Chapter 116. Appellant U.S. Bank National Association (U.S. Bank) contests the extinguishment of its first deed of trust under NRS Chapter 116 and appeals the district court's grant of NNB's motion for summary judgment.

This dispute arises over real property located in Henderson, Nevada, that is a part of the Legacy Village Property Owner Association. Legacy Village recorded its Master Declaration of Covenants, Conditions and Restrictions and Reservation of Easements (CC&Rs) on February 7, 1990. The CC&Rs contain "Mortgage Protection" and "Priority of Lien" provisions which protect the rights of a beneficiary under any recorded deed of trust and subordinate an assessment lien to the lien of any first mortgage. The former owners of the property executed a promissory note in 2004,

17-41021

identifying Mortgage Electronic Registration Systems, Inc. as beneficiary. Nevada Association Services, as agent for Legacy Village, recorded a notice of delinquent assessment lien on the property on May 14, 2008 and notice of default was recorded on July 3, 2008. Mortgage Electronic Registration Systems, Inc. then assigned its rights to U.S. Bank in October 2008. Notice of the foreclosure sale, pursuant to NRS Chapter 116, was recorded on August 21, 2013, and a subsequent foreclosure deed identifying NNB as grantee was recorded September 16, 2013. NNB subsequently sought to quiet title.

U.S. Bank primarily alleges the district court's grant of summary judgment was improper because the district court failed to consider the mortgage protection and priority of lien provisions contained in Legacy Village's CC&Rs. U.S. Bank argues that because the CC&Rs were recorded in 1990, prior to Nevada's adoption of the Uniform Common Interest Ownership Act (UCIOA), the district court should have considered the mortgage protection and priority of lien provisions as evidence the association did not intend to foreclose with superpriority over U.S. Bank's first deed of trust, and that such a foreclosure impedes upon U.S. Bank's contractual rights.[1] We disagree.

---

[1]U.S. Bank relies on *SFR Invs. Pool 1, LLC, v. U.S. Bank, N.A.,* 130 Nev., Adv. Op. 75, 334 P.3d 408, 419 n.7. (2014) (internal quotes and citations omitted) wherein we stated

> The CC&Rs that contained the subordination clause . . . were in place before the statute that limited the ability to subrogate associations liens

"This court reviews a district court's grant of summary judgment de novo, without deference to the findings of the lower court." *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). As U.S. Bank asserts, the Legacy Village CC&Rs were recorded in 1990 and Nevada did not adopt the UCIOA as Chapter 116 until 1991. *See SFR Invs. Pool 1, LLC*, 130 Nev., Adv. Op. 75, 334 P.2d at 410. However, here, U.S. Bank's security interest did not come into existence until 2008,[2] well after the 1991 enactment of NRS Chapter 116. Thus, U.S. Bank had notice when it acquired its interest that, under NRS Chapter 116, Legacy Village had the right to conduct a nonjudicial foreclosure sale and to foreclose as a superpriority lien holder, thus extinguishing U.S. Bank's rights as beneficiary on the first deed of trust. As such, we hold that the district court did not err by refusing to consider the CC&Rs as no contractual rights were implicated. Thus, no issues of material fact remain in this matter and

took effect. The court refused to enforce the statute because disturbing the prior, contractual relationship would implicate constitutional concerns about impairment of vested contractual rights. Here, however, the Southern Highlands CC&Rs were recorded after the Legislature adopted and enacted Chapter 116, so no similar concerns about impairment of any party's vested contractual rights arise.

[2]Or, at the earliest, 2004 when USB's predecessor-in-interest became beneficiary on the promissory note.

summary judgment in favor of NNB was proper.[3]  Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

---

[3]We have reviewed the parties' additional issues and arguments and conclude that they are without merit.

cc: Hon. Douglas Smith, District Judge
Janet Trost, Settlement Judge
Wright, Finlay & Zak, LLP/Las Vegas
Kung & Brown
Hong & Hong
Eighth District Court Clerk